UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF WISCONSIN

---

J.K. (by his Guardian ad Litem,
Christine Bremer Muggli),
ABBY MCDOUGALL and
JAMES KLEIST

      Plaintiffs,

      v.                                    Case No.: 13-CV-94

WISCONSIN RAPIDS PUBLIC
SCHOOL DISTRICT,
DR. COLLEEN DICKMANN,
KATHI STEBBINS HINTZ,
RYAN CHRISTIANSON,
RODNEY HENKE,
TRUDY DeSIMONS,
BENJAMIN JAHNKE,
SCOTT BENITZ, and
DENNIS NELSON

      Defendants.

---

**COMPLAINT**

---

NOW COME THE PLAINTIFFS, J.K., Abby McDougall and James Kleist, by their attorneys, Bremer & Trollop Law Offices, S.C., and Gagliardi Law, LLP, by Christine Bremer Muggli and Paul Gagliardi, and hereby state the following as their Complaint in the above-referenced matter.

**NATURE OF PROCEEDINGS**

1.    This is a civil action under 42 U.S.C. sec. 1983, 42 U.S.C. sec. 1988, 29 U.S.C. § 794, 42 U.S.C. §§ 12101-12213, the Fourteenth Amendment to the United States Constitution,

1

Wis. Stat. § 118.13, Wis. Stat. § 48.981 and Wisconsin common law to redress Defendants' discriminatory treatment of J.K. and violation of J.K.'s rights.

**PARTIES**

2. J.K. is a minor resident of the State of Wisconsin, who appears by his Guardian ad Litem, Christine Bremer Muggli. Christine Bremer Muggli was appointed Guardian ad Litem for J.K. by Order of the Circuit Court of Wood County, Wisconsin on January 25, 2012. The Order of January 25, 2012 authorized Christine Bremer Muggli to represent and prosecute an action on behalf of J.K. and to appear for said minor as his Guardian ad Litem.

3. Abby McDougall is an adult resident of the State of Wisconsin and resides in Wisconsin Rapids, Wisconsin.

4. James Kleist is an adult resident of the State of Wisconsin and resides in Wausau, Wisconsin.

5. The Wisconsin Rapids Public School District is a school district operating under the laws of the State of Wisconsin. It is located within the Western District of Wisconsin, in Wood County.

6. At all times material hereto, Dr. Colleen Dickmann has been employed as the superintendent of the Wisconsin Rapids Public School District, located in the Western District of Wisconsin, in Wood County, Wisconsin.

7. At all times material hereto, Kathi Stebbins Hintz was employed as the principal of East Junior High School, a school within the Wisconsin Rapids Public School District located in the Western District of Wisconsin in Wisconsin Rapids, Wood County, Wisconsin.

8. At all times material hereto, Ryan Christianson was employed as the principal of

Lincoln High School, a school within the Wisconsin Rapids Public School District located in the Western District of Wisconsin in Wisconsin Rapids, Wood County, Wisconsin.

9. At all times material hereto, Rodney Henke has been employed as an assistant principal of Lincoln High School, a school within the Wisconsin Rapids Public School District located in the Western District of Wisconsin in Wisconsin Rapids, Wood County, Wisconsin.

10. At all times material hereto, Trudy DeSimons has been employed as the Director of Pupil Services for the Wisconsin Rapids Public School District located in the Western District of Wisconsin in Wood County, Wisconsin.

11. At all times material hereto, Benjamin Jahnke has been employed as a teacher and Lincoln High School wrestling coach in the Wisconsin Rapids Public School District located in the Western District of Wisconsin in Wood County, Wisconsin.

12. At all times material hereto, Scott Benitz has been employed as a teacher and Lincoln High School wrestling coach in the Wisconsin Rapids Public School District located in the Western District of Wisconsin in Wood County, Wisconsin.

13. At all times material hereto, Dennis Nelson has been employed as a teacher and as a Lincoln High School wrestling coach in the Wisconsin Rapids Public School District located in the Western District of Wisconsin in Wood County, Wisconsin.

## JURISDICTION AND VENUE

14. This Court has jurisdiction over plaintiff's claims pursuant to 42 U.S.C. sec. 1983 42 U.S.C. sec. 1988, 29 U.S.C. § 794, 42 U.S.C. § 12101-12213, the Fourteenth Amendment to the United States Constitution, and 28 U.S.C. §§ 1331 and 1343. This court has jurisdiction over the state law claims based upon 28 U.S.C. sec. 1367.

15. Venue in the Western District of Wisconsin, pursuant to 28 U.S.C. § 1391, is proper insofar as the parties have significant contacts in this district, the event giving rise to the complaint arose in the district, and, on information and belief, all defendants are located within the district.

**FACTUAL ALLEGATIONS**

16. At all times relevant hereto, J.K. was a student at East Junior High School in Wisconsin Rapids, Wisconsin, and participated on the wrestling team for Lincoln High School in Wisconsin Rapids, Wisconsin.

17. At all times relevant hereto, J.K. has had disabilities which include 20/200 vision, deafness, developmental delays and tremors.

18. During the 2010 to 2011 Lincoln High School wrestling season, on multiple occasions, J.K. was targeted as a victim of bullying, sexual and verbal abuse and harassment by other students on the Lincoln High School wrestling team. J.K.'s team members knowingly and/or intentionally took advantage of J.K.'s disabilities.

19. On information and belief, while the Lincoln High School wrestling coaches, including Defendants Benjamin Jahnke, Scott Benitz and Dennis Nelson, were aware of the way J.K. was being treated, they failed to take actions to protect J.K. and stop the behavior of his teammates, and further failed to report the bullying, sexual and verbal abuse and harassment to other school or district officials, and discouraged J.K. from doing the same.

20. On July 29, 2011, Plaintiff James Kleist wrote to Defendant Trudy DeSimons to request that the Wisconsin Rapids Public School District investigate whether his son suffered

4

discrimination in the way he was treated as a member of the Lincoln High School wrestling team, and asked for a plan of protection for his son.

21. When the Wisconsin Rapids Public School District learned of the abusive actions of the wrestling team that were targeted toward J.K., it offered no assistance to J.K. and offered no protection to allow J.K. to return to school in a safe environment, free of bullying, abuse, harassment and retaliation.

22. Assistant Principal Rodney Henke, who, on information and belief, was in charge of overseeing students with special needs, expressly informed J.K. that he would not provide supervision for J.K. in the locker room, and would not provide J.K. protection in the hallways of the school, in the classrooms or in the shower rooms.

23. When J.K. was afforded no protection to allow him to return to school in a safe environment, J.K. was forced to make the difficult transition to a new school to ensure his safety.

24. At all times material hereto, the Wisconsin Rapids Public School District has maintained a policy against discriminating on the basis of disability or handicap in admission to athletic programs or activities, standards and rules of behavior and disciplinary actions, and expressly prohibits staff members, students and volunteers from discriminating against, harassing or bullying others based on physical, mental, emotional or learning disabilities and from knowingly allowing such conduct to take place.

**FIRST CAUSE OF ACTION AGAINST ALL DEFENDANTS**

25. Plaintiffs hereby incorporate the preceding paragraphs as if set forth fully herein.

26. The acts and omissions of Defendants made Plaintiff J.K. unnecessarily vulnerable to the physical and mental abuse that would befall him, both on the wrestling team and

subsequently in the school community.

27. At all times material hereto, Defendants have had a ministerial duty to enforce the established policies of the Wisconsin Rapids Public School District, to report such abuse under Wis. Stat. § 48.981, and also to provide a safe, secure, appropriate and effective learning environment for its pupils with disabilities, including J.K.

28. Despite the existence of policies mandating the contrary, despite the coaches' knowledge of the above-mentioned treatment, and despite repeated complaints and requests for action, Defendants failed to take appropriate action to prevent, stop and/or report the above-mentioned behavior, failed to remedy this dangerous and harmful situation, and failed to protect J.K. from said treatment and from the effects of retaliation from members of the school community.

29. The actions, inactions and deliberate indifference of Defendants deprived J.K. of his protected liberty interest in bodily integrity, created a risk of harm by encouraging an environment in which J.K. would be harmed, and deprived J.K. of the ability to attend school in a safe environment.

30. The conduct of which Defendants were deliberately indifferent was so severe, pervasive and objectively offensive, and so undermined and detracted from J.K.'s educational experience, that J.K. was denied equal access to the school's resources and opportunities when the abusive environment constructively forced J.K. to leave the Wisconsin Rapids Public School District to attend a safer school.

31. By the actions, inactions and deliberate indifference set forth above, Defendants violated J.K.'s rights as protected by 42 U.S.C. sec. 1983, 29 U.S.C. § 794, 42 U.S.C. §

6

12101-12213, the Fourteenth Amendment to the United States Constitution, Wis. Stat. § 118.13, Wis. Stat. § 48.981 and Wisconsin common law.

32. As a direct and proximate result of the above-mentioned actions, inactions and deliberate indifference, Plaintiff J.K. has sustained significant emotional distress, which manifested in forms including, but not limited to: expressing he no longer felt safe at his school, avoiding events at which individuals from Lincoln High School could be present out of fear of further harassment or retaliation, adjusting to coping with his disabilities at a new school in a new environment, and displaying visible stress and worry.

33. As a direct and proximate result of the above-mentioned actions, inactions and deliberate indifference, Plaintiffs Abby McDougall and James Kleist have sustained economic damages for the medical (and miscellaneous) expenses and wage loss they have incurred, and have both suffered the loss of society and companionship of their son.

WHEREFORE, Plaintiffs demand judgment against the above-named defendants as follows:

a. For compensatory money damages on behalf of Plaintiffs J.K., Abby McDougall and James Kleist;

b. For costs, disbursements and attorney's fees of this action;

c. Any additional relief this Court deems equitable and just.

Dated this 8th day of February, 2013.

**ATTORNEYS FOR PLAINTIFFS**

/s/ Christine Bremer Muggli
**Christine Bremer Muggli, Esq.**
State Bar No. 1006012
BREMER & TROLLOP LAW OFFICES, S.C.
2100 Stewart Avenue, Suite 230
P.O. Box 539
Wausau, WI  54402
P:  (715) 849-3200
F:  (715) 842-9770
E-Mail: chris@bremer-law.com

and

**Paul Gagliardi, Esq.**
State Bar No. 1000629
GAGLIARDI LAW LLP
24414 75th Street
Salem, WI  53168
P:  (262) 843-3400
F:  (262) 843-3147
E-Mail:   paul@gcattys.com